UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| TREVAR D. WARREN, <br>     Plaintiff, <br> <br> VS. <br> <br> MAK LOGISTICS CORP, FEDEX GROUND PACKAGE SYSTEM, INC., and DELBERT D. ARMSTRONG <br>     Defendants. | **CASE NO.** 4:18-CV-180-JHM <br> Removed from Ohio Circuit Court <br> Civil Action No. 18-CI-00379 |

## NOTICE OF REMOVAL

For its Notice of Removal of this action from Ohio Circuit Court, Hartford, Kentucky, to the United States District Court for the Western District of Kentucky, Owensboro Division, the Defendants, MAK Logistics Corp, FedEx Ground Package System, Inc., and Delbert D. Armstrong, by counsel, hereby state as follows:

1.    On November 8, 2018, the Plaintiff, Trevar D. Warren, filed a Complaint in the Ohio Circuit Court, Civil Action No. 18-CI-00379. Copies of all process and pleadings in said action are attached hereto in accordance with 28 U.S.C. § 1446(a), as amended by the Judicial Improvement and Access to Justice Act, Pub.L. 100-702 (H.R. 4807) § 1016 at 102 stat.4642, 4669-70 (Nov. 1988).

2.    The Plaintiff is a citizen of Kentucky. The amount in controversy, without interest and costs, exceeds the sum or value specified by U.S.C. § 1332.

3.    The Defendants further allege that the Plaintiff's domicile is and at all times relevant hereto has been, including the time of the filing of the Notice of Removal

and the time of the commencement of the civil action listed, located in Clay County, Kentucky.

4. The Defendant, MAK Logistics Corp ("MAK"), is and at all times relevant hereto has been, including the time of the filing of the Notice of Removal and the time of the commencement of the civil action listed, a foreign corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business in Tennessee.

5. The Defendant, FedEx Ground Package System, Inc. ("FXG"), is and at all times relevant hereto has been, including the time of the filing of the Notice of Removal and the time of the commencement of the civil action listed, a foreign corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania.

6. The Defendant, Delbert D. Armstrong ("Armstrong"), is a citizen of Tennessee. The Defendants further allege that Armstrong's domicile is and at all times relevant hereto has been, including the time of the filing of the Notice of Removal and the time of the commencement of the civil action listed, located at 6356 Ranger Creek Drive, Bartlett, Tennessee.

7. The Plaintiff is not a citizen of Delaware, Pennsylvania, or Tennessee.

8. Neither MAK, FXG, nor Armstrong is a citizen of Kentucky.

9. Accordingly, there exists complete diversity and this action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1), and is one that the Defendant may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441, because no Defendant is a citizen of the Commonwealth of Kentucky.

10. Removal is also appropriate pursuant to 28 U.S.C. § 1332(a)(1), as the Plaintiff has placed in controversy an amount in excess of $75,000.00, exclusive of interest and costs. Specifically, on November 21, 2018, the Plaintiff informed the Defendants for the first time of the nature and amount of the Plaintiff's medical expenses and lost wages to date (for which recovery in damages is sought in this matter pursuant to paragraph 4 of the Plaintiff's Complaint), which sum alone exceeds $75,000.00 even excluding Plaintiff's other claims for damages for future medical expenses, impairment of earning capacity, pain and suffering, and pain and suffering. Prior to that date, the Plaintiff had provided no notice, claim, demand, or other information to either Defendant indicating that his alleged damages exceeded $75,000.00, and the Defendants had no factual basis or other reason to be aware of same.

11. This Defendant's Notice of Removal was filed within thirty (30) days of the Defendants becoming aware of the removability of this case as required by 28 U.S.C. § 1446(b).

12. Both Defendants hereby affirm that they agree and consent to removal as set forth herein.

                                          Respectfully Submitted,

                                          /s/Michael T. Davis
Michael T. Davis (KBA# 89457)
**KOPKA PINKUS DOLIN PC**
301 E. Main Street, Suite 400
Lexington, KY 40507
Phone: (859) 368-8999
Fax: (859) 368-3772
mtdavis@kopkalaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd of December 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

I further certify that on this the 3rd of December 2018, a true and accurate copy was served by first-class mail, postage prepaid, to the following:

David M. Scott
Nicholas K. Haynes
Isaacs & Isaacs, P.S.C.
1601 Business Center Court
Louisville, Kentucky 40299
david.scott@isaacsandisaacs.com
nhaynes@isaacsandisaacs.com

                                             */s/ Michael T. Davis*
                                             MICHAEL T. DAVIS