**CT Corporation**

**Service of Process Transmittal**
11/15/2018
CT Log Number 534411265

**TO:** Matthew Endlish
FedEx Ground Package System, Inc.
1000 Fed Ex Dr
CORAOPOLIS, PA 15108

**RE:** **Process Served in Kentucky**

**FOR:** FedEx Ground Package System, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TREVAR D. WARREN, PLTF. vs. MAK LOGISTIC CORP, ET AL., DFTS. // TO: FEDEX GROUND PACKAGE SYSTEM, INC. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COVER SHEET, COMPLAINT |
| **COURT/AGENCY:** | Ohio County Circuit Court, KY<br>Case # 18CI00379 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - On or about 23/08/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/15/2018 postmarked on 11/08/2018 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | David M. Scott<br>Isaacs & Isaacs, P.S.C.<br>1601 Business Center Court<br>Louisville, KY 40299<br>502-458-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/15/2018, Expected Purge Date: 11/20/2018<br><br>Image SOP<br><br>Email Notification,  Matthew Endlish  matthew.endlish@fedex.com<br><br>Email Notification,  Susan Kernen  isopcomplaints@fedex.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>609-538-1818 |

Page 1 of  1 / SV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



SHANNON KIRTLEY
CIRCUIT CLERK
PO BOX 67
HARTFORD, KY   42347

**RETURN RECEIPT REQUESTED**

9414 7266 9904 2964 4022 15

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 42347   $ 012.72⁰
02 4W
0000340221 NOV 08 2018

FEDEX GROUND PACKAGE SYSTEM, INC.
SERVE: CT CORPORATION SYSTEM - REG *Agent*
306 W. MAIN STREET
SUITE 512
FRANKFORT, KY   40601

#18-CI-00379

RESTRICTED DELIVERY



| AOC-E-105<br>Rev. 9-14 | Sum Code: CI |  | Case #: **18-CI-00379** |
|---|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov* | | | Court:    **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | | **CIVIL SUMMONS** | County: **OHIO** |

*Plantiff,* WARREN, TREVAR D VS. MAK LOGISTIC CORP, ET AL, *Defendant*

TO:  **CT CORPORATION SYSTEMS**
      **306 W. MAIN STREET, SUITE 512**
      **FRANKFORT, KY 40601**

Memo: Related party is FEDEX GROUND PACKAGE SYSTEM, INC.

The Commonwealth of Kentucky to Defendant:
**FEDEX GROUND PACKAGE SYSTEM, INC.**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Sharon Kirtley*

Ohio Circuit Clerk
Date: 11/8/2018

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

                                  Served By

                                    Title

Summons ID: 13063259551321@00000060032
CIRCUIT: 18-CI-00379 Certified Mail
WARREN, TREVAR D VS. MAK LOGISTIC CORP, ET AL



*eFiled*

*Package:000002 of 000010*

*Presiding Judge: HON. TIM R. COLEMAN (63S371)*

*Package : 000002 of 000010*

Shannon Kirtley, Ohio Circuit Clerk
P.O. Box 67
Hartford, KY 42347-0067

CT CORPORATION SYSTEMS
306 W. MAIN STREET, SUITE 512
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 18-CI-00379

Envelope Number: 1306325

Package Retrieval Number: 13063259551321@00000060032

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 11.98

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package:000001 of 000010

Presiding Judge: HON. TIM R. COLEMAN (638371)

Package : 000001 of 000010

COMMONWEALTH OF KENTUCKY
OHIO CIRCUIT COURT
CIVIL ACTION NO. 18-CI-00379

TREVAR D. WARREN                                                    PLAINTIFF

v.                          **COMPLAINT**
                        *ELECTRONICALLY FILED*

MAK LOGISTIC CORP                                                   DEFENDANTS
200 Lake Point CV
Rossville, TN 38066

    Registered Agent:     Jennifer Yost Winburn
                              200 Lake Pont CV
                              Rossville, TN 38066-3472

    Serve:         Office of the Secretary of State
                       Summonses Branch
                       700 Capital Avenue, Suite 86
                       Frankfort, KY 40601

-and-

FEDEX GROUND PACKAGE SYSTEM, INC.
1000 FedEx Drive
Moon Township, PA 15108

    Registered Agent:      CT Corporation System
                               306 W. Main Street, Suite 512
                               Frankfort, KY   40601

-and-

DELBERT D. ARMSTRONG
6356 Raner Creek Dr.
Bartlett, TN  38135

    Serve:        Office of the Secretary of State
                      Summonses Branch
                      700 Capital Avenue, Suite 86
                      Frankfort, KY 40601

FILED
NOV - 8 2018
SHANNON KIRTLEY CLERK
BY _____ D.C.

1

Package:000003 of 000010

Presiding Judge: HON. TIM R. COLEMAN (638371)

Package : 000003 of 000010

\*\*\* \*\*\* \*\*\*

Come now Plaintiff, Trevar D. Warren, by and through counsel, and for his complaint and causes of action against the Defendants herein state as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff, Trevar D. Warren ("Warren") is, and was at all times relevant herein, a resident of Clay, Kentucky.

2.      Upon information and belief, Defendant, Delbert D. Armstrong ("Armstrong") is, and was at all times relevant herein, a resident of Bartlett, Tennessee with a mailing address of 6356 Ranger Creek Dr., Bartlett, Tennessee 38135.

3.  .   Upon information and belief, Defendant, FedEx Ground Package System, Inc. ("FedEx") is a Limited Liability Company conducting business as a truckload carrier with a home office address of 1000 FedEx Drive Moon Township, PA 15108. Its registered agent for service of process is CT Corporation System with mailing address of 306 W. Main Street, Suite 512 Frankfort, KY 40601.

4.      Upon information and belief, Defendant, MAK Logistic Corp ("MAK") is a Tennessee Limited Liability Company conducting business as a truck load carrier with a home office address of 200 Lake Point CV, Rossville, Tennessee 38066. Its registered agent for service of process is Jennifer Yost Winburn with mailing address of 200 Lake Point CV, Rossville, Tennessee 38066.

5.      Defendant Armstrong's actions constituted gross negligence and reckless disregard for the safety of other motorists on the roadway including Trevar Warren.

6.      All actions of Defendant Armstrong constituting gross negligence and reckless disregard for the safety of other motorists is also imputed to any employer or contractor employing

2

Defendant Armstrong, including Defendant MAK and Defendant FedEx.

7.     The incident giving rise to this action occurred in Ohio County, Kentucky, and the damages are in excess of the jurisdictional limits of this Court.

## CLAIMS AGAINST DELBERT D. ARMSTRONG
## COUNT I: NEGLIGENCE

8.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporate the same by reference.

9.     That on or about the 23rd day of August, 2018, Defendant Armstrong was driving in a 2000 Freightliner MT 45 Chassis in such a negligent manner as to cause it to collide with a the Plaintiff thereby causing Plaintiff Warren to suffer serious bodily injuries.

10.    That as a direct and proximate result of the negligence of Defendant Armstrong in operating the motor vehicle, Plaintiff Warren was caused to suffer serious bodily injuries, and because of the bodily injuries sustained by him, Plaintiff Warren has been caused to suffer pain, suffering, mental anguish and inconvenience.

11.    That as a direct result of the negligence of Defendant Armstrong in operating the motor vehicle, Plaintiff Warren has incurred in medical expenses and physician expenses.

12.    That as a direct and proximate result of the negligence of Defendant Armstrong in operating the motor vehicle, Plaintiff Warren has incurred lost wages and a permanent impairment of her ability to labor and earn money.

13.    That as a direct and proximate result of the negligence of Defendant Armstrong in operating the motor vehicle, Plaintiff Warren has been caused to suffer damages in excess of the jurisdictional limits of this Court.

## CLAIMS AGAINST DEFENDANT MAK LOGISTIC CORP
## COUNT II: RESPONDEAT SUPERIOR

3

Package:000005 of 000010

Presiding Judge: HON. TIM R. COLEMAN (63537'1)

Package : 000005 of 000010

14.     Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporate the same by reference.

15.     Upon information and believe, that on the date and time of the negligent actions of Defendant Armstrong, Defendant MAK is, and was the owner of the vehicle being operated by Defendant Armstrong.

16.     That on the date and time of the negligent actions of Defendant Armstrong, said Defendant was acting within the course and scope of his employment with Defendant MAK.

17.     As a direct and proximate result of the negligence of Defendant Armstrong in operating the vehicle in the scope of his employment, the doctrine of *Respondeat Superior* applies and transfers liability to Defendant MAK.

## CLAIMS AGAINST DEFENDANT MAK LOGISTIC CORP
## COUNT III: NEGLIGENT HIRING AND RETENTION

18.     Plaintiffs adopts and reiterates each and every allegation as if set out fully herein and incorporate the same by reference.

19.     That Defendant MAK knew or should have known through the use of ordinary care when it hired Defendant Armstrong that said Defendant was a negligent and/or careless driver.

20.     That Defendant MAK, upon the use of ordinary care in determining that Defendant Armstrong was a negligent and/or careless driver was negligent in retaining Defendant Armstrong as an employee and allowing said employee to continue to use its motor vehicle in such a negligent manner so as to cause it collide with another motor vehicle, thereby causing Plaintiff Warren to suffer severe bodily injuries.

21.     That as a direct and proximate result of the negligence of Defendant MAK in hiring and/or retaining Defendant Armstrong, Plaintiff Warren was caused to suffer serious bodily injury

4

and because of the bodily injuries sustained by him, Plaintiff Warren has been caused to suffer pain, suffering, mental anguish and inconvenience.

22.    That as a direct and proximate result of the negligence of Defendant MAK in hiring and/or retaining Defendant Armstrong, Plaintiff Warren has incurred medical expenses and physician expenses.

23.    That as a direct and proximate result of the negligence of Defendant MAK in hiring and/or retaining Defendant Armstrong, Plaintiff Warren has incurred lost wages and a permanent impairment of his ability to labor and earn money in the future.

## CLAIMS AGAINST DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.
## COUNT IV: RESPONDEAT SUPERIOR

24.    Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporate the same by reference.

25.    Upon all available information and belief Defendant FEDEX acquired the rights, responsibilities and liabilities of Defendant, MAK.

26.    Upon information and belief, that on the date and time of the negligent actions of Defendant Armstrong, Defendant FEDEX is, and was the owner of the vehicle being operated by Defendant Armstrong.

27.    That on the date and time of the negligent actions of Defendant Armstrong, said Defendant was acting within the course and scope of his employment or otherwise as an Agent of Defendant FEDEX.

28.    As a direct and proximate result of the negligence of Defendant Armstrong in operating the vehicle in the scope of his employment or otherwise as an agent of Defendant FEDEX, the doctrine of *Respondeat Superior* applies and transfers liability to Defendant FEDEX.

## CLAIMS AGAINST DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

5

## COUNT V: NEGLIGENT HIRING AND RETENTION

29.   Plaintiffs adopts and reiterates each and every allegation as if set out fully herein and incorporate the same by reference.

30.   That Defendant FEDEX knew or should have known through the use of ordinary care when it hired Defendant Armstrong that said Defendant was a negligent and/or careless driver.

31.   That Defendant FEDEX, upon the use of ordinary care in determining that Defendant Armstrong was a negligent and/or careless driver was negligent in retaining Defendant Armstrong as an employee and or agent and allowing Defendant Armstrong to continue to use its motor vehicle in such a negligent manner so as to cause it collide with another motor vehicle, thereby causing Plaintiff Warren to suffer severe bodily injuries.

32.   That as a direct and proximate result of the negligence of Defendant FEDEX in hiring and/or retaining Defendant Armstrong, Plaintiff Warren was caused to suffer serious bodily injury and because of the bodily injuries sustained by her, Plaintiff Warren has been caused to suffer pain, suffering, mental anguish and inconvenience.

33.   That as a direct and proximate result of the negligence of Defendant FEDEX in hiring and/or retaining Defendant Armstrong, Plaintiff Warren has incurred medical expenses and physician expenses.

34. ·   That as a direct and proximate result of the negligence of Defendant FEDEX in hiring and/or retaining Defendant Armstrong, Plaintiff Warren has incurred lost wages and a permanent impairment of her ability to labor and earn money in the future.

**WHEREFORE**, Plaintiff, by counsel, demand as follows:

1.   That the Clerk of this Court issue Summons to Defendant Delbert D. Armstrong,

6

Package:000008 of 000010

Presiding Judge: HON. TIM R. COLEMAN (638371)

Package : 000008 of 000010

and direct a copy thereof, along with a copy of this Complaint.

2.      That the Clerk if this Court issue Summons to Defendant MAK Logistics Corp, by and through its process agent being Jennifer Yost Winburn, and direct a copy thereof, along with a copy of this Complaint.

3.      That the Clerk if this Court issue Summons to Defendant FEDEX Ground Package System, Inc. by and through its process agent being CT Corporation System, and direct a copy thereof, along with a copy of this Complaint.

4.      Judgment against Defendants Delbert D. Armstrong, MAK Logistics Corp, and FEDEX Ground Package System, Inc., in favor of Plaintiff, Trevar D. Warren, in an amount in excess of the jurisdictional limits of this Court, said amount to be that which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

   a.   Past and future mental and physical pain, suffering, mental anguish and inconvenience;
   b.   Lost wages;
   c.   Permanent impairment of Plaintiff Warren's ability to labor and earn money in the future;
   d.   Past and future medical expenses;
   e.   Punitive Damages; and
   f.   Miscellaneous expenses incurred by the Plaintiff including but not limited to travel expenses, necessitated by the negligent acts of the Defendants.

5.      Pre-judgment and post-judgment interest;

6.      Attorney fees and court costs reasonably incurred or expended;

7.      Trial by jury; and,

8.      All just and proper relief to which Plaintiff may appear entitled, including the right to amend this Complaint.

7

Package:000009 of 000010

Presiding Judge: HON. TIM R. COLEMAN (638371)

Package : 000009 of 000010

Respectfully submitted,

/s/ David M. Scott
_____
David M. Scott
Nicholas K. Haynes
Isaacs & Isaacs, P.S.C.
1601 Business Center Court
Louisville, Kentucky 40299
Telephone: (502) 458-1000
Facsimile: (502) 454-5512
david.scott@isaacsandisaacs.com
nhaynes@isaacsandisaacs.com
*Attorney for Plaintiff*

Package:000010 of 000010

Presiding Judge: HON. TIM R. COLEMAN (638371)

Package : 000010 of 000010

**COMMONWEALTH OF KENTUCKY**
**OHIO CIRCUIT COURT**
**CIVIL ACTION NO. 18-CI-00379**

*Filed Electronically*

TREVAR D. WARREN                                                                    PLAINTIFF

v.

MAK LOGISTICS CORP, FEDEX GROUND
PACKAGE SYSTEM, INC., and DELBERT D. ARMSTRONG                  DEFENDANTS

## ANSWER OF DELBERT D. ARMSTRONG

***** ***** ***** ***** ***** *****

Comes the Defendant, Delbert D. Armstrong ("Armstrong"), by and through counsel, and for his answer to Plaintiff's Complaint herein, state as follows:

1.      Upon information and belief, this Defendant admits the allegations contained within paragraphs 1, 2, 3, and 4 of the Complaint.

2.      This Defendant denies the allegations contained within paragraph 5 and 6 of the Complaint.   This Defendant further denies that he is or was an employee of FXG, as he is and was an employee solely of MAK, an independent contractor that provides services to FXG via an operating agreement.

3.      Upon information and belief, this Defendant admits the allegations contained within paragraphs 7 of the Complaint.

4.      With respect to paragraph 8 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

5.      With respect to the allegations contained in paragraphs 9, 10, 11, 12, and

B38D35B0-187A-4B6A-94E4-55C38B77B789 : 000001 of 000008

ANS : 000001 of 000008

Filed          18-CI-00379      12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

13 of the Complaint, this Defendant admits that he was operating a 2000 Freightliner MT 45 on August 23, 2018 and was involved in a collision with a vehicle occupied by the Plaintiff.   However, this Defendant is without knowledge or information sufficient to form the basis for a belief as to the nature or severity of the injuries, expenses, losses, or suffering allegedly sustained by Plaintiff as a result of said collision and, therefore, denies same.   Any allegation otherwise contained in paragraphs 9, 10, 11, 12, and 13 of the Complaint not expressly admitted herein is denied.

6.     With respect to paragraph 14 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

7.     With respect to the allegation contained in paragraph 15 of the Complaint, this Defendant admits that MAK is the owner of the vehicle he was operating at the time of the subject collision.   However, this Defendant denies the allegation that he was negligent.

8.     With respect to the allegation contained in paragraph 16 of the Complaint, this Defendant admits that he was an employee of MAK driving within the course and scope of his employment with MAK at the time of the collision that is the subject matter of this action.   This Defendant further denies the allegation that he was negligent.

9.     This Defendant denies the allegation contained within paragraph 17 of the Complaint.

10.     With respect to paragraph 18 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

Page **2** of **8**

B38D35B0-187A-4B6A-94E4-55C38B77B789 : 000002 of 000008

ANS : 000002 of 000008

Filed          18-CI-00379      12/03/2018        Shannon Kirtley, Ohio Circuit Clerk

11.    The allegations contained within paragraphs 19, 20, 21, 22, and 23 of the Complaint call for a legal conclusion and therefore no response is required of this Defendant.   However, to the extent that a response is required, this Defendant denies any allegation that he was a negligent, careless, or otherwise unqualified or unfit driver, and denies any negligence on the part of MAK in hiring, supervising, or retaining him. Accordingly, this Defendant denies all other allegations contained therein.

12.    With respect to paragraph 24 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

13.    The allegation contained within paragraph 25 of the Complaint is vague such that it is not possible for this Defendant to discern what fact is meant to be alleged. As such, this Defendant is without knowledge or information sufficient to form the basis for a belief as to the allegation contained therein and, therefore, denies same.

14.    This Defendant denies the allegation contained within paragraph 26 of the Complaint and states that MAK was the sole owner of the vehicle he was operating at the time of the subject collision. This Defendant further denies the allegation that he was negligent.

15.    With respect to the allegations contained in paragraphs 27 and 28 of the Complaint, this Defendant denies that he was an employee of FXG or otherwise driving within the course and scope of any employment with FXG, as he was an employee solely of MAK, an independent contractor that provides services to FXG via an operating agreement.   This Defendant further denies the allegation that he was negligent.   The remaining allegations therein call for a legal conclusion and therefore

Page **3** of **8**

B38D35B0-187A-4B6A-94E4-55C38B77B789 : 000003 of 000008

ANS : 000003 of 000008

Filed        18-CI-00379      12/03/2018        Shannon Kirtley, Ohio Circuit Clerk

no response is required of this Defendant.   However, to the extent that a response is required, this Defendant denies same.

16.     With respect to paragraph 29 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

17.     This Defendant denies the allegations contained within paragraphs 30, 31, 32, 33, and 34 of the Complaint, and states that he was not an employee hired or retained by FXG; rather, he was an employee solely of MAK, an independent contractor that provides services to FXG via an operating agreement.   This Defendant denies any allegation that he was a negligent, careless, or otherwise unqualified or unfit driver, and denies any negligence in his hiring, supervision, or retention.   Accordingly, this Defendant denies all other allegations contained therein.

18.     This Defendant denies all allegations contained in the Complaint not expressly admitted herein.

### FIRST DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint fails to state a claim against him for which relief may be granted.

### SECOND DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint fails to name and join in this action all real parties in interest and/or all indispensable necessary and proper parties.

B38D35B0-187A-4B6A-94E4-55C38B77B789 : 000004 of 000008

ANS : 000004 of 000008

Filed                    18-CI-00379      12/03/2018              Shannon Kirtley, Ohio Circuit Clerk

### THIRD DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint is barred, in whole or in part, by the provisions of the Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised Statutes.

### FOURTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that Plaintiff's Complaint is barred by the provisions of the Kentucky Motor Vehicle Reparations Act, as contained in Subtitle 39 of Chapter 304 of the Kentucky Revised Statutes.

### FIFTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the damages alleged in Plaintiff's Complaint, if any, were the direct and proximate result of the sole and/or comparative negligence of the Plaintiff, and/or persons or entities not presently parties to this lawsuit.

### SIXTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the damages alleged in the Plaintiff's Complaint, if any, were avoidable consequences, since Plaintiff failed to mitigate or reduce his or its alleged damages, if any.

### SEVENTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff has waived his or its right to assert a claim against it and is, therefore, estopped to do so in this lawsuit.

B38D35B0-187A-4B6A-94E4-55C38B77B789 : 000005 of 000008

ANS : 000005 of 000008

Filed                    18-CI-00379      12/03/2018              Shannon Kirtley, Ohio Circuit Clerk

Filed                    18-CI-00379        12/03/2018            Shannon Kirtley, Ohio Circuit Clerk

**EIGHTH DEFENSE**

As an affirmative defense, Defendant specifically pleads that the injuries and damages alleged in Plaintiff's Complaint, if any, were the direct and proximate result of superseding and/or intervening causes over which this Defendant had no responsibility or control.

**NINTH DEFENSE**

As an affirmative defense, the Plaintiff has accepted the Kentucky Motor Vehicle Reparations Act, KRS 304.39-010, *et seq.*; and pursuant to the provisions in that Act, the Plaintiff is barred from maintaining this action and is barred from recovering damages paid or payable as basic reparations benefits and added reparations benefits.

**TENTH DEFENSE**

This Defendant specifically pleads that the allegations of Plaintiff's Complaint are legally insufficient to support a claim for punitive or exemplary damages and that, in any case, Kentucky law lacks adequate legal or procedural constraints on the award, amount, and/or judicial review of punitive damages such that any award of punitive damages in this case, being penal in nature without affording this Defendant the same protections as those afforded criminal defendants, would constitute grossly excessive punishment in violation of this Defendant's constitutional rights to Due Process and Equal Protection under the Fourth, Fifth, Sixth, and Eighth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution, and in violation of   Section 17 of the Kentucky Constitution, the Eighth Amendment to the Kentucky Constitution, and the common law and public policies of Kentucky.

Filed                    18-CI-00379        12/03/2018            Shannon Kirtley, Ohio Circuit Clerk

Filed          18-CI-00379      12/03/2018           Shannon Kirtley, Ohio Circuit Clerk

## ELEVENTH DEFENSE

This Defendant specifically pleads that attorneys' fees are not recoverable as damages under Kentucky law in the absence of a specific contractual provision or statute permitting same.

## TWELFTH DEFENSE

This Defendant specifically pleads that pre-judgment interest cannot be awarded for an unliquidated claim.

Defendant reserves the right to amend this Answer or to assert any additional defenses that become known and available to it.

Defendant adopts and incorporates by reference each and every affirmative defense filed by any other Defendant in this matter as they may be applicable to this Defendant.

WHEREFORE, the Defendant, Delbert D. Armstrong, prays the Court as follows:

1.      That the Plaintiff's Complaint filed against him in this action be dismissed with prejudice and stricken from the docket;

2.      That he be awarded his costs herein expended, including reasonable attorneys' fees (if applicable);

3.      For a trial of this cause by jury, and

4.      For any and all other just and proper relief to which he may appear entitled.

Filed          18-CI-00379      12/03/2018           Shannon Kirtley, Ohio Circuit Clerk

B38D35B0-187A-4B6A-94E4-55C38B77B789 : 000007 of 000008

ANS : 000007 of 000008

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

Respectfully submitted,

**KOPKA PINKUS DOLIN PC**
301 E. Main Street, Suite 400
Lexington, KY 40507
Phone: (859) 368-8999
Fax: (859) 368-3772


BY:   _/s/ Michael T. Davis_
MICHAEL T. DAVIS (KBA #89457)
mtdavis@kopkalaw.com
*Counsel for FedEx Ground*
*Package System, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2018, the foregoing was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, and a true and correct copy was served electronically and/or mailed to the following:

David M. Scott
Nicholas K. Haynes
Isaacs & Isaacs, P.S.C.
1601 Business Center Court
Louisville, Kentucky 40299
david.scott@isaacsandisaacs.com
nhaynes@isaacsandisaacs.com


with the original to: Ohio Circuit Court Clerk (via e-filing)

_/s/ Michael T. Davis_
MICHAEL T. DAVIS

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

Filed          18-CI-00379          12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**OHIO CIRCUIT COURT**
**CIVIL ACTION NO. 18-CI-00379**

*Filed Electronically*

TREVAR D. WARREN                                                    PLAINTIFF

v.

MAK LOGISTICS CORP, FEDEX GROUND
PACKAGE SYSTEM, INC., and DELBERT D. ARMSTRONG          DEFENDANTS

**ANSWER OF FEDEX GROUND PACKAGE SYSTEM, INC.**

***** ***** ***** ***** ***** *****

Comes the Defendant, FedEx Ground Package System, Inc. ("FXG"), by and through counsel, and for its answer to Plaintiff's Complaint herein, state as follows:

1.      Upon information and belief, this Defendant admits the allegations contained within paragraphs 1, 2, 3, and 4 of the Complaint.

2.      This Defendant denies the allegations contained within paragraph 5 and 6 of the Complaint.   This Defendant further denies that Defendant Delbert D. Armstrong ("Armstrong") is or was an employee of FXG, as he is and was an employee solely of Defendant MAK Logistics Corp ("MAK"), an independent contractor that provides services to FXG via an operating agreement.

3.      Upon information and belief, this Defendant admits the allegations contained within paragraphs 7 of the Complaint.

4.      With respect to paragraph 8 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

Page **1** of **8**

15A87016-3F37-44C1-88E1-FF529F3587F9 : 000001 of 000008

ANS : 000001 of 000008

Filed          18-CI-00379       12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

5.      With respect to the allegations contained in paragraphs 9, 10, 11, 12, and 13 of the Complaint, this Defendant admits that Armstrong was operating a 2000 Freightliner MT 45 on August 23, 2018 and was involved in a collision with a vehicle occupied by the Plaintiff.   However, this Defendant is without knowledge or information sufficient to form the basis for a belief as to the nature or severity of the injuries, expenses, losses, or suffering allegedly sustained by Plaintiff as a result of said collision and, therefore, denies same.   Any allegation otherwise contained in paragraphs 9, 10, 11, 12, and 13 of the Complaint not expressly admitted herein is denied.

6.      With respect to paragraph 14 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

7.      With respect to the allegation contained in paragraph 15 of the Complaint, this Defendant admits that MAK is the owner of the vehicle operated by Armstrong at the time of the subject collision.   However, this Defendant denies the allegation that Armstrong was negligent.

8.      With respect to the allegation contained in paragraph 16 of the Complaint, this Defendant admits that Armstrong was an employee of MAK driving within the course and scope of his employment with MAK at the time of the collision that is the subject matter of this action.   This Defendant denies that Armstrong was an employee of FXG, as he was an employee solely of MAK, an independent contractor that provides services to FXG via an operating agreement.   This Defendant further denies the allegation that Armstrong was negligent.

Page **2** of **8**

15A87016-3F37-44C1-88E1-FF529F3587F9 : 000002 of 000008

ANS : 000002 of 000008

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

9.     This Defendant denies the allegation contained within paragraph 17 of the Complaint.

10.     With respect to paragraph 18 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

11.     The allegations contained within paragraphs 19, 20, 21, 22, and 23 of the Complaint call for a legal conclusion and/or do not otherwise relate to this Defendant, and therefore no response is required of this Defendant.   However, to the extent that a response is required, this Defendant denies any allegation that Armstrong was a negligent, careless, or otherwise unqualified or unfit driver, and denies any negligence on the part of MAK in the hiring, supervising, or retaining Armstrong.   Accordingly, this Defendant denies all other allegations contained therein.

12.     With respect to paragraph 24 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

13.     The allegation contained within paragraph 25 of the Complaint is vague such that it is not possible for this Defendant to discern what fact is meant to be alleged. As such, this Defendant is without knowledge or information sufficient to form the basis for a belief as to the allegation contained therein and, therefore, denies same.

14.     This Defendant denies the allegation contained within paragraph 26 of the Complaint and states that MAK was the sole owner of the vehicle operated by Armstrong at the time of the subject collision. This Defendant further denies the allegation that Armstrong was negligent.

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

15A87016-3F37-44C1-88E1-FF529F3587F9 : 000003 of 000008

ANS : 000003 of 000008

Filed          18-CI-00379      12/03/2018        Shannon Kirtley, Ohio Circuit Clerk

15.     With respect to the allegations contained in paragraphs 27 and 28 of the Complaint, this Defendant denies that Armstrong was an employee of FXG or otherwise driving within the course and scope of any employment with FXG, as Armstrong was an employee solely of MAK, an independent contractor that provides services to FXG via an operating agreement.   This Defendant further denies the allegation that Armstrong was negligent.   The remaining allegations therein call for a legal conclusion and therefore no response is required of this Defendant.   However, to the extent that a response is required, this Defendant denies the applicability of respondeat superior to FXG.

16.     With respect to paragraph 29 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

17.     This Defendant denies the allegations contained within paragraphs 30, 31, 32, 33, and 34 of the Complaint, and states that Armstrong was not an employee hired or retained by FXG; rather, Armstrong was an employee solely of MAK, an independent contractor that provides services to FXG via an operating agreement.   This Defendant denies any allegation that Armstrong was a negligent, careless, or otherwise unqualified or unfit driver, and denies any negligence in the hiring, supervision, or retention of Armstrong.   Accordingly, this Defendant denies all other allegations contained therein.

18.     This Defendant denies all allegations contained in the Complaint not expressly admitted herein.

## **FIRST DEFENSE**

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint fails to state a claim against it for which relief may be granted.

Page **4** of **8**

15A87016-3F37-44C1-88E1-FF529F3587F9 : 000004 of 000008

ANS : 000004 of 000008

Filed          18-CI-00379      12/03/2018        Shannon Kirtley, Ohio Circuit Clerk

Filed                    18-CI-00379          12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

## SECOND DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint fails to name and join in this action all real parties in interest and/or all indispensable necessary and proper parties.

## THIRD DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint is barred, in whole or in part, by the provisions of the Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised Statutes.

## FOURTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that Plaintiff's Complaint is barred by the provisions of the Kentucky Motor Vehicle Reparations Act, as contained in Subtitle 39 of Chapter 304 of the Kentucky Revised Statutes.

## FIFTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the damages alleged in Plaintiff's Complaint, if any, were the direct and proximate result of the sole and/or comparative negligence of the Plaintiff, and/or persons or entities not presently parties to this lawsuit.

## SIXTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the damages alleged in the Plaintiff's Complaint, if any, were avoidable consequences, since Plaintiff failed to mitigate or reduce his or its alleged damages, if any.

Page **5** of **8**

Filed                    18-CI-00379          12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

15A87016-3F37-44C1-88E1-FF529F3587F9 : 000005 of 000008

ANS : 000005 of 000008

Filed            18-CI-00379      12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

### SEVENTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff has waived his or its right to assert a claim against it and is, therefore, estopped to do so in this lawsuit.

### EIGHTH DEFENSE

As an affirmative defense, Defendant specifically pleads that the injuries and damages alleged in Plaintiff's Complaint, if any, were the direct and proximate result of superseding and/or intervening causes over which this Defendant had no responsibility or control.

### NINTH DEFENSE

As an affirmative defense, the Plaintiff has accepted the Kentucky Motor Vehicle Reparations Act, KRS 304.39-010, *et seq.*; and pursuant to the provisions in that Act, the Plaintiff is barred from maintaining this action and is barred from recovering damages paid or payable as basic reparations benefits and added reparations benefits.

### TENTH DEFENSE

This Defendant specifically pleads that the allegations of Plaintiff's Complaint are legally insufficient to support a claim for punitive or exemplary damages and that, in any case, Kentucky law lacks adequate legal or procedural constraints on the award, amount, and/or judicial review of punitive damages such that any award of punitive damages in this case, being penal in nature without affording this Defendant the same protections as those afforded criminal defendants, would constitute grossly excessive punishment in violation of this Defendant's constitutional rights to Due Process and Equal Protection under the Fourth, Fifth, Sixth, and Eighth Amendments as incorporated into the

Filed            18-CI-00379      12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

15A87016-3F37-44C1-88E1-FF529F3587F9 : 000006 of 000008

ANS : 000006 of 000008

Filed                18-CI-00379        12/03/2018        Shannon Kirtley, Ohio Circuit Clerk

Fourteenth Amendment to the United States Constitution, and in violation of Section 17 of the Kentucky Constitution, the Eighth Amendment to the Kentucky Constitution, and the common law and public policies of Kentucky.

## ELEVENTH DEFENSE

This Defendant specifically pleads that attorneys' fees are not recoverable as damages under Kentucky law in the absence of a specific contractual provision or statute permitting same.

## TWELFTH DEFENSE

This Defendant specifically pleads that pre-judgment interest cannot be awarded for an unliquidated claim.

Defendant reserves the right to amend this Answer or to assert any additional defenses that become known and available to it.

Defendant adopts and incorporates by reference each and every affirmative defense filed by any other Defendant in this matter as they may be applicable to this Defendant.

WHEREFORE, the Defendant, FedEx Ground Package System, Inc., prays the Court as follows:

1.      That the Plaintiff's Complaint filed against it in this action be dismissed with prejudice and stricken from the docket;

2.      That it be awarded its costs herein expended, including reasonable attorneys' fees (if applicable);

3.      For a trial of this cause by jury, and

4.      For any and all other just and proper relief to which it may appear entitled.

Page 7 of **8**

15A87016-3F37-44C1-88E1-FF529F3587F9 : 000007 of 000008

ANS : 000007 of 000008

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

Respectfully submitted,

**KOPKA PINKUS DOLIN PC**
301 E. Main Street, Suite 400
Lexington, KY 40507
Phone: (859) 368-8999
Fax: (859) 368-3772


BY: _/s/ Michael T. Davis_____
MICHAEL T. DAVIS (KBA #89457)
mtdavis@kopkalaw.com
*Counsel for FedEx Ground*
*Package System, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2018, the foregoing was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, and a true and correct copy was served electronically and/or mailed to the following:

David M. Scott
Nicholas K. Haynes
Isaacs & Isaacs, P.S.C.
1601 Business Center Court
Louisville, Kentucky 40299
david.scott@isaacsandisaacs.com
nhaynes@isaacsandisaacs.com


with the original to: Ohio Circuit Court Clerk (via e-filing)

_/s/ Michael T. Davis_____
MICHAEL T. DAVIS

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**OHIO CIRCUIT COURT**
**CIVIL ACTION NO. 18-CI-00379**

*Filed Electronically*

TREVAR D. WARREN                                                      PLAINTIFF

v.

MAK LOGISTICS CORP, FEDEX GROUND
PACKAGE SYSTEM, INC., and DELBERT D. ARMSTRONG          DEFENDANTS

**ANSWER OF MAK LOGISTICS CORP**

***** ***** ***** ***** ***** *****

Comes the Defendant, MAK Logistics Corp ("MAK"), by and through counsel, and for its answer to Plaintiff's Complaint herein, state as follows:

1.     Upon information and belief, this Defendant admits the allegations contained within paragraphs 1, 2, 3, and 4 of the Complaint.

2.     This Defendant denies the allegations contained within paragraph 5 and 6 of the Complaint.   This Defendant further denies that Defendant Delbert D. Armstrong ("Armstrong") is or was an employee of FXG, as he is and was an employee solely of MAK, an independent contractor that provides services to FXG via an operating agreement.

3.     Upon information and belief, this Defendant admits the allegations contained within paragraphs 7 of the Complaint.

4.     With respect to paragraph 8 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

Page **1** of **8**

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

Filed          18-CI-00379          12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

5.      With respect to the allegations contained in paragraphs 9, 10, 11, 12, and 13 of the Complaint, this Defendant admits that Armstrong was operating a 2000 Freightliner MT 45 on August 23, 2018 and was involved in a collision with a vehicle occupied by the Plaintiff.   However, this Defendant is without knowledge or information sufficient to form the basis for a belief as to the nature or severity of the injuries, expenses, losses, or suffering allegedly sustained by Plaintiff as a result of said collision and, therefore, denies same.   Any allegation otherwise contained in paragraphs 9, 10, 11, 12, and 13 of the Complaint not expressly admitted herein is denied.

6.      With respect to paragraph 14 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

7.      With respect to the allegation contained in paragraph 15 of the Complaint, this Defendant admits that MAK is the owner of the vehicle operated by Armstrong at the time of the subject collision.   However, this Defendant denies the allegation that Armstrong was negligent.

8.      With respect to the allegation contained in paragraph 16 of the Complaint, this Defendant admits that Armstrong was an employee of MAK driving within the course and scope of his employment with MAK at the time of the collision that is the subject matter of this action.   This Defendant further denies the allegation that Armstrong was negligent.

9.      This Defendant denies the allegation contained within paragraph 17 of the Complaint.

Filed          18-CI-00379          12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

F57B4550-5E74-4FF7-8856-4DC5C054E1A4 : 000002 of 000008

ANS : 000002 of 000008

Filed          18-CI-00379          12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

10.     With respect to paragraph 18 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

11.     The allegations contained within paragraphs 19, 20, 21, 22, and 23 of the Complaint call for a legal conclusion and therefore no response is required of this Defendant.   However, to the extent that a response is required, this Defendant denies any allegation that Armstrong was a negligent, careless, or otherwise unqualified or unfit driver, and denies any negligence on the part of MAK in hiring, supervising, or retaining Armstrong.   Accordingly, this Defendant denies all other allegations contained therein.

12.     With respect to paragraph 24 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

13.     The allegation contained within paragraph 25 of the Complaint is vague such that it is not possible for this Defendant to discern what fact is meant to be alleged. As such, this Defendant is without knowledge or information sufficient to form the basis for a belief as to the allegation contained therein and, therefore, denies same.

14.     This Defendant denies the allegation contained within paragraph 26 of the Complaint and states that MAK was the sole owner of the vehicle operated by Armstrong at the time of the subject collision. This Defendant further denies the allegation that Armstrong was negligent.

15.     With respect to the allegations contained in paragraphs 27 and 28 of the Complaint, this Defendant denies that Armstrong was an employee of FXG or otherwise

Page **3** of **8**

Filed          18-CI-00379          12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

Filed                    18-CI-00379        12/03/2018              Shannon Kirtley, Ohio Circuit Clerk

driving within the course and scope of any employment with FXG, as Armstrong was an employee solely of MAK, an independent contractor that provides services to FXG via an operating agreement.   This Defendant further denies the allegation that Armstrong was negligent.   The remaining allegations therein call for a legal conclusion and therefore no response is required of this Defendant.   However, to the extent that a response is required, this Defendant denies same.

16.    With respect to paragraph 29 of the Complaint, this Defendant re-alleges, re-avers, reiterates, and incorporates by reference each and every preceding paragraph of this Answer, as though set forth fully herein.

17.    This Defendant denies the allegations contained within paragraphs 30, 31, 32, 33, and 34 of the Complaint, and states that Armstrong was not an employee hired or retained by FXG; rather, Armstrong was an employee solely of MAK, an independent contractor that provides services to FXG via an operating agreement.   This Defendant denies any allegation that Armstrong was a negligent, careless, or otherwise unqualified or unfit driver, and denies any negligence in the hiring, supervision, or retention of Armstrong.   Accordingly, this Defendant denies all other allegations contained therein.

18.    This Defendant denies all allegations contained in the Complaint not expressly admitted herein.

## **FIRST DEFENSE**

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint fails to state a claim against it for which relief may be granted.

Filed                    18-CI-00379        12/03/2018              Shannon Kirtley, Ohio Circuit Clerk

F57B4550-5E74-4FF7-8856-4DC5C054E1A4 : 000004 of 000008

ANS : 000004 of 000008

Filed          18-CI-00379          12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

### SECOND DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint fails to name and join in this action all real parties in interest and/or all indispensable necessary and proper parties.

### THIRD DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff's Complaint is barred, in whole or in part, by the provisions of the Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised Statutes.

### FOURTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that Plaintiff's Complaint is barred by the provisions of the Kentucky Motor Vehicle Reparations Act, as contained in Subtitle 39 of Chapter 304 of the Kentucky Revised Statutes.

### FIFTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the damages alleged in Plaintiff's Complaint, if any, were the direct and proximate result of the sole and/or comparative negligence of the Plaintiff, and/or persons or entities not presently parties to this lawsuit.

### SIXTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the damages alleged in the Plaintiff's Complaint, if any, were avoidable consequences, since Plaintiff failed to mitigate or reduce his or its alleged damages, if any.

Page **5** of **8**

F57B4550-5E74-4FF7-8856-4DC5C054E1A4 : 000005 of 000008

ANS : 000005 of 000008

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

### SEVENTH DEFENSE

As an affirmative defense, this Defendant specifically pleads that the Plaintiff has waived his or its right to assert a claim against it and is, therefore, estopped to do so in this lawsuit.

### EIGHTH DEFENSE

As an affirmative defense, Defendant specifically pleads that the injuries and damages alleged in Plaintiff's Complaint, if any, were the direct and proximate result of superseding and/or intervening causes over which this Defendant had no responsibility or control.

### NINTH DEFENSE

As an affirmative defense, the Plaintiff has accepted the Kentucky Motor Vehicle Reparations Act, KRS 304.39-010, *et seq.*; and pursuant to the provisions in that Act, the Plaintiff is barred from maintaining this action and is barred from recovering damages paid or payable as basic reparations benefits and added reparations benefits.

### TENTH DEFENSE

This Defendant specifically pleads that the allegations of Plaintiff's Complaint are legally insufficient to support a claim for punitive or exemplary damages and that, in any case, Kentucky law lacks adequate legal or procedural constraints on the award, amount, and/or judicial review of punitive damages such that any award of punitive damages in this case, being penal in nature without affording this Defendant the same protections as those afforded criminal defendants, would constitute grossly excessive punishment in violation of this Defendant's constitutional rights to Due Process and Equal Protection under the Fourth, Fifth, Sixth, and Eighth Amendments as incorporated into the

Filed          18-CI-00379     12/03/2018          Shannon Kirtley, Ohio Circuit Clerk

F57B4550-5E74-4FF7-8856-4DC5C054E1A4 : 000006 of 000008

ANS : 000006 of 000008

Filed                    18-CI-00379       12/03/2018              Shannon Kirtley, Ohio Circuit Clerk

Fourteenth Amendment to the United States Constitution, and in violation of   Section 17 of the Kentucky Constitution, the Eighth Amendment to the Kentucky Constitution, and the common law and public policies of Kentucky.

### ELEVENTH DEFENSE

This Defendant specifically pleads that attorneys' fees are not recoverable as damages under Kentucky law in the absence of a specific contractual provision or statute permitting same.

### TWELFTH DEFENSE

This Defendant specifically pleads that pre-judgment interest cannot be awarded for an unliquidated claim.

Defendant reserves the right to amend this Answer or to assert any additional defenses that become known and available to it.

Defendant adopts and incorporates by reference each and every affirmative defense filed by any other Defendant in this matter as they may be applicable to this Defendant.

WHEREFORE, the Defendant, MAK Logistics Corp, prays the Court as follows:

1.     That the Plaintiff's Complaint filed against it in this action be dismissed with prejudice and stricken from the docket;

2.     That it be awarded its costs herein expended, including reasonable attorneys' fees (if applicable);

3.     For a trial of this cause by jury, and

4.     For any and all other just and proper relief to which it may appear entitled.

Page 7 of **8**

F57B4550-5E74-4FF7-8856-4D C5C054E1A4 : 000007 of 000008

ANS : 000007 of 000008

Filed                18-CI-00379        12/03/2018              Shannon Kirtley, Ohio Circuit Clerk

Respectfully submitted,

**KOPKA PINKUS DOLIN PC**
301 E. Main Street, Suite 400
Lexington, KY 40507
Phone: (859) 368-8999
Fax: (859) 368-3772

BY:  /s/ Michael T. Davis
MICHAEL T. DAVIS (KBA #89457)
mtdavis@kopkalaw.com
*Counsel for FedEx Ground*
*Package System, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2018, the foregoing was electronically filed with the Clerk of this Court using the KY eCourts eFiling system, and a true and correct copy was served electronically and/or mailed to the following:

David M. Scott
Nicholas K. Haynes
Isaacs & Isaacs, P.S.C.
1601 Business Center Court
Louisville, Kentucky 40299
david.scott@isaacsandisaacs.com
nhaynes@isaacsandisaacs.com

with the original to: Ohio Circuit Court Clerk (via e-filing)

 /s/ Michael T. Davis
MICHAEL T. DAVIS

Filed                18-CI-00379        12/03/2018              Shannon Kirtley, Ohio Circuit Clerk

F57B4550-5E74-4FF7-8856-4D C5C054E1A4 : 000008 of 000008

ANS : 000008 of 000008